AUG 22 2007
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DRINA A. NORTHAM,

    Plaintiff,

v.

Case No. 3:07CV501

**JURY TRIAL DEMANDED**

CAPITAL ONE BANK,

    Defendant.

## COMPLAINT

COME NOW the Plaintiff, Drina Northam, by counsel, and for her Complaint against Defendant Capital One Bank, she states as follows:

### Introduction

1. The Defendant, a credit card company, willfully violated the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, et seq. and the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et seq. It unilaterally processes an application for an increased line o credit. It then denied the application for the increase, but refused to state a reason other than that it was based on the Plaintiffs' credit reports. Defendant's failure to provide a complete, accurate and lawful adverse action notice violated the ECOA. Its unauthorized use of the Plaintiffs' credit report violated the FCRA.

### Jurisdiction

2. This complaint is filed for violations of the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq., and Fair Credit Reporting Act, 15 U.S.C. 1681 et seq, both raising federal questions. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

1

1681n, 15 U.S.C. § 1681o and 15 U.S.C. § 1691e. Venue is proper as all events of the Plaintiffs occurred in the Eastern District of Virginia and Defendant is located in the Richmond Division.

### Parties

3. The Plaintiff to this lawsuit is Drina A. Northam, who was at all relevant times a "consumer" governed and protected by the ECOA and the FCRA.

4. The Defendant to this lawsuit is Capital One Bank ("Capital One"). Capital One is a creditor for purposes of the "ECOA" and a "user" of consumer reports as governed by the "FCRA."

### Facts

7. In December 2006, Defendant processed a completed application for credit to increase the credit limit of Plaintiffs' Capital one credit card.

8. The Defendant obtained and used the Plaintiffs' consumer credit report in and for a decision upon this application.

9. Capital One participated in the credit decision as to such request and the terms of credit which would be made available to the Plaintiff.

10. On or about December 20, 2006, Capital One denied the application for the Credit Limit increase.

11. Capital One's denial of this application constituted an Adverse Action under both the ECOA and the FCRA.

12. The adverse action notice which Capital One provided to the Plaintiff upon its adverse action is attached hereto as Exhibit "A". (the "Adverse Action Notice").

13. The Adverse Action Notice failed to accurately and completely inform the Plaintiff of the basis or statement of reasons for its adverse action.

14. The Adverse Action Notice claimed that "a credit limit increase is not currently available upon request." This statement may mean that Capital One has determined that a credit limit increase is not available to the Plaintiff upon her request. If this is its intended meaning, then this is an incomplete and unclear statement of reason under the ECOA.

15. Alternately, the statement may be a claim that a credit limit increase is unavailable to any consumers. If this is its intended meaning, then the claim is contradicted by the next sentence, implying that while associates have "little" power, they would by implication have some and thus some discretion. It is also contradicted by the letter itself in which Capital One explained that the decision was "based in whole or in part on information obtained in a report from the consumer reporting agency [sic] listed below."

16. In the alternative to the allegations contained in paragraphs 14 and 15 that Capital One exercised discretion and made an active decision not to approve the credit increase application, the Plaintiff alleges that the Defendant impermissibly pulled and used the Plaintiffs' consumer credit report. If it never could grant such increases regardless of an applicant's credit history, then it did not need and certainly did not "use" the Plaintiff's consumer credit report for a purpose of considering the application. Though Capital One may have many reasons for using the Plaintiff's credit report at various times, in the present instance and circumstance, it did not obtain and use the report for one of these.

17. Capital One has no procedures in place to avoid the violations of the ECOA and FCRA as alleged in this complaint.

## COUNT I – Equal Credit Opportunity Act

18. Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 17 above as if fully set out herein.

19. The above-alleged actions and omissions of the Defendant violated the ECOA, 15 U.S.C. §1691(d).

20. The Defendant is liable to the Plaintiff for actual damages, punitive damages of $10,000.00 per violation of the ECOA, and attorneys fees and costs pursuant to 15 U.S.C. §1681e.

21. The Plaintiff is entitled to declaratory and injunctive relief requiring the Defendant's compliance with the ECOA.

## COUNT II – Fair Credit Reporting Act

22. Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 21 above as if fully set out herein.

23. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f), §1681n and §1681q.

24. Defendant's FCRA violations were knowing and willful.

25. As a result of the Defendant's FCRA violations, the Plaintiff is entitled to actual damages and/or statutory damages per violation, plus punitive damages, attorneys fees and costs pursuant to 15 U.S.C. §1681n and §1681o.

26. The Plaintiff is entitled to declaratory and injunctive relief requiring the Defendant's compliance with the FCRA.

WHEREFORE, your Plaintiff moves for judgment against the Defendant for statutory and punitive damages, attorneys fees and costs, injunctive and declaratory relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

DRINA NORTHAM,
By counsel

LEONARD A. BENNETT
VSB #37523
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile